STATE OF FLORIDA, FOR THE USE AND BENEFIT . OF
SUWANNEE COUNTY, *Plaintiff in Error,* v. J. B. BAR-
TON, *Defendant in Error.*

### Opinion Filed February 12, 1917.

In proceedings to estreat a bail bond there is no fatal variance
    between notice of a bond· conditioned "to appear at the Spring
    Term, A. D. 1915," and a bond offered in evidence conditioned
    to appear "on Monday the 21st day of June A. D. 1915," it
    appearing that June 21st, 1915, was a day in the Spring Term
    of the court to which an adjournment was had on the day
    the bond was executed. .

Writ of Error to Circuit Court for Suwannee
County; M. F. Horne, Judge.

Reversed.

*T. F. West,* Attorney General, and ·*C. O. Andrews,*
Assistant, and · *Stafford Caldwell,* State Attorney, for
Plaintiff in Error;

*C. D. Blackwell,* for Defendant in Error.

PER CURIAM.—In: proceedings to· estreat. a. bail bond
the notice was of a bond given conditioned "to appear
at the ·Spring ·Term,. A. D. 1915, of the Circuit Court
for Suwannee County and from day to day and term to·
term to answer a charge" etc.  The bond offered in
evidence was conditioned to appear "on Monday the 21st
day of June, A. D. 1915, at eleven o'clock A. M., being
a day of the next term of said court for Suwannee
County, and from day to day and from term to term to
answer to a charge" etc.  The court gave judgment for

the defendants upon a ruling that there was a fatal variance between the notice and the bond. The State took writ of error.

It appears that the spring term of the court had been adjourned May 21st, 1915, to June 21st, 1915, and that the bond was executed on May 21st, 1915, conditioned to appear "on Monday the 21st day of June, A. D. 1915." The notice of proceedings to estreat a bond conditioned "to appear at the Spring Term, A. D. 1915," did not show a variance upon the production of a bond conditioned as above stated, when a session of the spring term of the court began on June 21st, 1915, in due course.

Reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.